Clerk's Office
Filed Date:
4/15/2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KRIS STEGMANN, Derivatively on Behalf of COVETRUS, INC., <br><br>　　　　　　　Plaintiff, <br><br>　v. <br><br>BENJAMIN WOLIN, PHILIP A. LASKAWY, SANDRA L. HELTON, MARK J. MANOFF, EDWARD M. MCNAMARA, STEVEN PALADINO, RAVI SACHDEV, DEBORAH G. ELLINGER, BENJAMIN SHAW, CHRISTINE T. KOMOLA, DAVID E. SHAW, and BETSY ATKINS, <br><br>　　　　　　　Defendants, <br>　-and- <br><br>COVETRUS, INC., a Delaware Corporation, <br><br>　　　　　　　Nominal Defendant. | Case No. 1:21-cv-01717-AMD-SJB <br><br>UNOPPOSED MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL |

---

Plaintiff Kris Stegmann ("Plaintiff"), by his attorneys, hereby requests leave to file his Complaint in this action under seal. In support of this motion, Plaintiff states as follows:

1. This is a verified stockholder derivative action brought by Plaintiff on behalf of nominal defendant Covetrus, Inc. ("Covetrus" or the "Company") against certain officers and directors for breach of fiduciary duty.

2. Covetrus provided to Plaintiff certain documents which the Company claims contain nonpublic, confidential, proprietary, or nonpublic commercially sensitive information. Plaintiff used certain information contained within these documents in his Complaint. Pursuant to the Confidentiality and Non-Disclosure Agreement dated November 18, 2020, Plaintiff is required to request permission of the Court to file his Complaint under seal.

3. While there is a presumption that the public has a right to see judicial documents, as the Court in *Littlejohn v. Bic Corp.*, 851 F.2d 673 (3d Cir. 1988), explained, the right of access

to judicial proceedings and records "is not absolute." *Id.* at 678 (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)). Rather, "[c]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing. *Littlejohn*, 851 F.2d at 678 (quoting *Nixon*, 435 U.S. at 598); *see also AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598 (BKS/CFH), 2021 WL 776701, at *4 (N.D.N.Y. Mar. 1, 2021) ("[C]ourts commonly find that documents that contain 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like' satisfy the sealing standard given the important privacy interests at stake."). Based on Covetrus' representations that its production contains confidential information, the Court should allow Plaintiff to file the Complaint under seal.

4. The Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) is inapposite to this matter, at this time. The court in *Lugosch* was concerned about the public access to documents filed in connection with a motion for summary judgment. *Id.* at 114. That the plaintiff in *Lugosch* filed the documents in support of summary judgment was important because "summary judgment is an adjudication, and '[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.'" *Id.* at 121 (quoting *Joy v. North*, 692 F.2d 893 (2d Cir. 1982)). Here, the document in question is the initial complaint and there are no summary judgment motions pending. Accordingly, the high standard applied by the Second Circuit in *Lugosch* does not apply here.

5. Further, to the extent the Court finds that it should apply the standard set forth in *Lugosch*, Plaintiff respectfully requests that the Court provide the Company with the opportunity to detail why the Complaint should remain under seal. As explained above, it is Covetrus that claims the documents provided to Plaintiff contains nonpublic, confidential, proprietary, or

commercially sensitive information. Nominal defendant Covetrus has informed Plaintiff that it is filing a joinder brief, and declaration of its General Counsel and Corporate Secretary, in further support of this motion. In *Lugosch*, the Second Circuit instructed the court to make a fact specific inquiry about whether the information warrants continued sealing. *Lugosch*, 435 F.3d at 125. Even though the plaintiff in *Lugosch* attached the documents in question, it was the defendants that claimed the continued sealing was warranted. *Id.* Accordingly, Plaintiff respectfully asks that Covetrus be given a similar opportunity here.

    WHEREFORE, Plaintiff respectfully requests leave to file his Complaint in this action under seal.

Dated: April 13, 2021

LAW OFFICES OF THOMAS G. AMON

_____
THOMAS G. AMON

420 Lexington Avenue, Suite 1402
New York, NY 10170
Telephone: (212) 810-2430
E-mail: tamon@amonlaw.com

ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
SHANE P. SANDERS
EMILY R. BISHOP
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
       csmith@robbinsllp.com
       ebishop@robbinsllp.com

Attorneys for Plaintiff