Clerk's Office
Filed Date:

4/15/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KRIS STEGMANN, Derivatively on behalf of COVETRUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN WOLIN, PHILIP A. LASKAWY, SANDRA L. HELTON, MARK J. MANOFF, EDWARD M. MCNAMARA, STEVEN PALADINO, RAVI SACHDEV, DEBORAH G. ELLINGER, BENJAMIN SHAW, CHRISTINE T. KOMOLA, DAVID E. SHAW, and BETSY ATKINS, <br><br> Defendants, <br><br> and <br><br> COVETRUS, INC., <br><br> Nominal Defendant. | C.A. No. 1:21-cv-1717 (AMD)(SJB) |

**NOMINAL DEFENDANT COVETRUS, INC.'S JOINDER
IN PLAINTIFF'S MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL**

Nominal Defendant Covetrus, Inc. ("Covetrus" or "Company") respectfully submits this Joinder to Plaintiff's Motion for Leave to File Complaint Under Seal (the "Motion to Seal").

By the Motion to Seal and this Joinder, the parties request that the Court permit Plaintiff to file under seal the Verified Stockholder Derivative Complaint for Breach of Fiduciary Duty (ECF No. 1) (the "Complaint"), with a redacted version of the Complaint in the form attached hereto as Exhibit A available for inspection on the Court's public docket. Consistent with controlling law in this Circuit, the parties seek to narrowly redact only those parts of the Complaint that contain non-public and confidential information. As Covetrus's General Counsel and Corporate Secretary, Jamey Seely, Esq., attests in the accompanying Declaration ("Seely Decl.," attached hereto as

Exhibit B), good cause exists for redacting this commercially sensitive information – including the Company's internal business strategy – because it would cause Covetrus competitive harm if publicly disclosed.  Further, Plaintiff obtained the redacted information only subject to a strict confidentiality agreement that expressly recognized the harm from public disclosure of this information and required Plaintiff to file the information under seal as it seeks to do here.

As further grounds for this Joinder in support of Plaintiff's Motion to Seal, Covetrus states as follows:

1. This is a shareholder derivative action. Plaintiff is a shareholder of nominal Defendant Covetrus, a Delaware corporation.

2. Before bringing this Action, Plaintiff made a demand upon Covetrus to inspect the Company's books and records pursuant to Section 220 of the General Corporation Law of the State of Delaware (the "Section 220 Demand").  The Section 220 Demand sought documents that contained non-public and confidential commercial, business, financial, and other proprietary information.  Accordingly, before any production of documents, Covetrus and Plaintiff entered into a Confidentiality and Non-Disclosure Agreement (the "Confidentiality Agreement").  A copy of the Confidentiality Agreement is attached to the Sealy Declaration as Exhibit B-1.

3. The Confidentiality Agreement explicitly recognized that Covetrus "is engaged in proprietary and confidential business activities, and could be prejudiced if confidential information pertaining to the Company or its business was disclosed publicly." Confidentiality Agreement at 1.  The Confidentiality Agreement defined "Confidential Inspection Material" as "certain nonpublic, confidential, proprietary information or non-public commercially sensitive documents and information made available by the Company." Confidentiality Agreement ¶ 1.

4. As a condition of the Company making documents available in response to the

Section 220 Demand, Plaintiff agreed to file any complaint using Confidential Inspection Material under seal. Confidentiality Agreement ¶ 9.[1]

5. The Complaint in this action quotes, explicitly refers to, and describes Confidential Inspection Material that was produced to Plaintiff in response to the Section 220 Demand. Through the Motion to Seal and this Joinder, the parties seek to narrowly redact only those portions of the Complaint that quote or make explicit reference to Confidential Inspection Material, as reflected in the redacted version of the Complaint available for public inspection filed with Plaintiff's Motion to Seal.

6. The vast majority of the redactions the Parties seek are quotes and references to commercially sensitive and proprietary information as presented or discussed by the Covetrus Board of Directors. As the accompanying Seely Declaration details, the Parties seek to redact confidential material that relates to the Company's business operation and strategy, market intelligence, and budgeting. If publicly disclosed, this confidential business information could harm the Company's competitive position in the marketplace.

7. There is good cause to seal the Complaint and have a redacted version made available to the public. Federal Rule of Civil Procedure 26(c)(1)(G) provides that the court may, for good cause shown, issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

---

[1] The Confidentiality Agreement states that Plaintiff's complaint should be brought in Delaware state court, but the Parties have subsequently agreed to litigate this action in this Court.

8. "To determine whether good cause exists, courts balance 'the need for information against the injury that might result if uncontrolled disclosure is compelled.'" *Id.* at 413–16 (quotation omitted). As set forth below, courts in this District routinely allow redactions to pleadings that use confidential information from a Section 220 books-and-records request that is the subject of a confidentiality agreement, as is the case here. *See infra* ¶ 10.

9. The Second Circuit has established a three-part test to determine whether documents can be sealed despite the presumption of access to "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, a court assesses whether the document sought to be sealed is a "judicial document." *Id.* Second, a court determines the weight of the presumption of public access to the documents at issue. *Id.* Finally, the Court balances "competing considerations" against the presumption of access, including the "privacy interests of those resisting disclosure." *Id.* at 120.

10. Here, while the Complaint is a "judicial document," the Parties seek to redact only quotes or direct references to material produced to Plaintiff in response to the Section 220 Demand. The presumption of access to the redacted material is low – those documents were produced pursuant to the protections provided in the Confidentiality Agreement, and the Parties have narrowly redacted only those portions of the Complaint that disclose non-public, commercially sensitive business information. Where redactions are narrowly applied to a complaint or other pleading that uses confidential information from a Section 220 books-and-records production that is subject to a confidentiality agreement – as is the case here – courts in this Circuit have found that privacy interests outweigh the presumption of public access and have granted motions to seal. *See, e.g.*, *In re Synacor Deriv. Litig.*, No. 19-2263, Doc. 19 (S.D.N.Y. Apr. 5, 2019) (granting motion to seal complaint that used confidential information from Section 220 books-and-records

production subject to the parties' confidentiality agreement); *In re Frontier Commc'ns Corp. Der. Litig.*, No. 18-cv-00826, Doc. 49 (D. Conn. June 18, 2018) (granting motion to seal motion-to-consolidate briefing that used confidential information from Section 220 books-and-records production subject to the parties' confidentiality agreement); *In re Hain Celestial Group, Inc. Stockholder Class & Deriv. Litig.*, No. 17-2351, Doc. No. 46, 48 (E.D.N.Y. Oct. 24, 2017) (complaint filed under seal where complaint used confidential information from Section 220 books-and-records production subject to the parties' confidentiality agreement).[2]

11. In derivative litigation like this case, courts in the Second Circuit regularly find compelling reasons to give effect to confidentiality agreements between the parties that are a condition for producing documents in response to a books-and-records demand. *See supra* ¶ 10 (citing *Synacor*, *Frontier Communications,* and *Hain Celestial Group*). Courts in other jurisdictions are in accord. *See, e.g.*, *In re Synchronoss Techs., Inc. Sec. Litig.*, No. 17-cv-7173, Doc. 56 (D.N.J. Apr. 15, 2019) (granting motion to seal briefing on motion-to-dismiss that used confidential information from Section 220 books-and-records production subject to the parties' confidentiality agreement); *Van Ingen v. Ha-Ngoc*, No. 14-11672, Doc. 15 (D. Mass. May 29, 2014) (granting motion to seal complaint that used confidential information from Section 220 books-and-records production subject to the parties' confidentiality agreement); *Reese v. Carmichael*, No. 20-cv-886, Doc. 9 (S.D. Ohio Dec. 14, 2020) (granting motion to seal complaint that used confidential information from books-and-records production subject to the parties'

---

[2] *See also Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 20-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (granting motion to seal limited portions of complaint that contained confidential information subject a protective order); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (granting motion to seal and redact hearing transcript where "all of the material" redacted was "drawn directly from internal records, deposition testimony, and portions of declarations designated as highly confidential under the Protective Order"); *Mahood v. Noom*, No. 20-3677, 2021 WL 214299, at *1 (S.D.N.Y. Jan. 20, 2021).

confidentiality agreement); *In re Zillow Grp., Inc. S'holder Derivative Litig.*, No. 17-cv-1568, 2019 WL 3428664, at *1-2 (W.D. Wash. July 30, 2019) (granting motion to seal complaint that used confidential information from books-and-records production subject to the parties' confidentiality agreement); *In re BofI Holding, Inc. S'holder Litig.*, No. 15-2722, 2017 WL 784118, at *21 (S.D. Cal. Mar. 1, 2017) (granting motion to seal complaint that used confidential information from books-and-records production subject to the parties' confidentiality agreement).

12. That result is particularly appropriate here, because the Company and several of its co-Defendants here are currently parties to a federal securities class action, *City of Hollywood Police Officers' Retirement System, et al. v. Henry Schein, Inc., et al.*, No. 19-cv-5530 (GRB-RLM) (E.D.N.Y.), where motions to dismiss the complaint are pending (Dkt. Nos. 44-45). The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which governs that case, imposes an automatic stay of discovery that bars the plaintiffs there (the "PSLRA Plaintiffs") from obtaining discovery, pending a ruling on those motions to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). The fact that the Plaintiff in this case obtained the Confidential Inspection Material, pursuant to the Section 220 Demand and subject to an agreement to preserve the confidentiality of the confidential information produced, does not entitle the PSLRA Plaintiffs to discovery material during the pendency of the PSLRA discovery stay. *In re Refco, Inc.*, No. 05-cv-8626, 2006 WL 2337212, at *2 (S.D.N.Y. Aug. 8, 2006) ("Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered. Under the PSLRA, discovery in this action has been stayed."). Indeed, in light of the PSLRA's strong policy in this regard, Delaware courts have allowed books and records to be obtained in connection with derivative litigation proceeding in parallel with a federal securities action only where the plaintiff,

among other things, "agreed to enter a confidentiality agreement preventing him from sharing the information obtained with the plaintiff or counsel in the [securities] action." *Beiser v. PMC-Sierra, Inc.*, No. 3893-VCL, 2009 WL 483321, at *3 (Del. Ch. Feb. 26, 2009) (rejecting books and record demand where, *inter alia*, there was no agreement to maintain confidentiality as against securities plaintiffs).

13. The grant of this motion is thus consistent with Congress's policy choices that are reflected in the PSLRA. Conversely, an order permitting the Confidential Inspection Material to be made public would undermine that Congressional intent.

14. Any presumption of access is further outweighed here under the third *Lugosch* factor by the competitive harm that would result if the Company's commercially-sensitive business information was disclosed to the public.

15. The Parties seek to redact quotes and direct references to nine documents produced in response to the Section 220 Demand pursuant to the Confidentiality Agreement, nearly all of which concern the Covetrus Board of Directors' review of confidential and commercially-sensitive business operation and strategy information in the first ten months of the Company's existence, including internal information provided to the Board of Directors' Strategy and Audit Committees. *See* Seely Decl. ¶¶ 14-15.[3]

16. This information should not be made public, as Covetrus maintains these materials as confidential, Seely Decl. ¶ 7, and making them public would place the Company at a competitive disadvantage. It is well established that in the balancing analysis, competitively-sensitive information, like that at issue here, should be protected against public disclosure where there is a

---

[3] The only other document cited in the Complaint is the completed questionnaire of a non-employee director that discloses a confidential third-party agreement. Compl. ¶ 98; *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 20-cv-05502, 2021 WL 243943, *1 (S.D.N.Y. Jan. 25, 2021) (allowing sealing of non-public terms of agreements).

disclosure that might harm a company's competitive standing. *See, e.g.*, *Louis Vuitton Malleteir S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511-12 (S.D.N.Y. 2015) (allowing redaction of "business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'") (citations omitted).

17. As set forth below, courts in this Circuit routinely allow the sealing or redaction of the exact type of commercially-sensitive information that the Parties seek to redact here.

18. Many of the redactions that the Parties seek relate to the Company's confidential business strategy, including the Company's operational and marketing strategies to expand its footprint in the highly competitive animal health business. Seely Decl. ¶ 16. Courts allow the sealing or redacting of exactly this type of confidential business information. *See Louis Vuitton*, 97 F. Supp. 3d at 511-12 (allowing redaction of confidential business information); *Girl Scouts of United States of Am. v. Boy Scouts of Am.*, No. 18-cv-10287, 2021 WL 76293, at *2-3 (S.D.N.Y. Jan. 8, 2021) (allowing sealing and redaction of proprietary and confidential materials related to market intelligence, marketing strategy, and business strategy); *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-9764, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018) (allowing sealing of documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the party] at a competitive disadvantage"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10-cv-6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (allowing sealing of documents including "confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm").

19. Other redactions relate to the Company's internal assessment of its competitiveness and relative position in a competitive market. Seely Decl. ¶ 17. Courts also allow the sealing or

redaction of this type of commercially-sensitive information. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (allowing sealing of "internal analysis of the competitiveness of [company's] practice groups"); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-00598, 2021 WL 776701, at *5, 7-8 (N.D.N.Y. Mar. 1, 2021) (allowing redactions of "internal competitive analyses," "specific threats to their businesses the parties have identified," and "confidential market share analysis").

20. Finally, the redactions relate to the Company's budgeting and internal operational projections, Seely Decl. ¶ 18, which courts also routinely order to be sealed or redacted. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D.P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (holding privacy interests outweigh the presumption of public access and allowing the sealing of information related to "marketing strategies, product development, costs and budgeting"); *AngioDynamics, Inc.*, 2021 WL 776701, at *5 (allowing redactions of "budgets, costs, acquisition bids and expenditures, revenues, anticipated timelines, internal competitive analyses and projections" to "protect the parties' competitively sensitive research and development information").

21. For these reasons, and those set forth in the Seely Declaration, public access to the portions of Complaint sought to be sealed would harm the Company by destroying the confidential nature of their business and operational strategies and outlook, and allowing confidential information to be used by others for competitive purposes against Covetrus.

22. The Parties' narrow redactions are reasonable – the Parties seek only to redact on the public record a limited amount of information, all of which is gleaned from the Company's confidential response to the Section 220 Demand.

23. There is no less restrictive alternative to the relief sought because the Parties seek

to seal only those portions of the Complaint relating the specific items identified above and protected under the Confidentiality Agreement.

24. Plaintiff, and Covetrus by this Joinder, have demonstrated good cause under the Second Circuit's test set forth in *Lugosch* for the Court to grant the Motion to Seal.

Dated: April 13, 2021

Respectfully submitted,

*/s/ Jordan D. Hershman*
Jordan D. Hershman
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
jordan.hershman@morganlewis.com

*Counsel for Nominal Defendant Covetrus, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2021, a true and correct copy of the foregoing Joinder was served by CM/ECF to the parties registered to the Court's CM/ECF system.

>     */s/ Jordan D. Hershman*
>     Jordan D. Hershman

DB1/ 120478856