**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**KRIS STEGMANN, Derivatively on Behalf of**
**COVETRUS, INC.,**

                                    **MEMORANDUM**
              **Plaintiff,**             **AND ORDER**

          **-against-**                         **21-CV-1717 (GRB)**

**BENJAMIN WOLIN, et al.,**

              **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      On March 30, 2021, plaintiff Kris Stegmann ("plaintiff") brought this shareholder derivative action, on behalf of nominal defendant Covetrus, Inc. ("Covetrus"), against certain of Covetrus' officers and directors. See Complaint (Mar. 30, 2021), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Since portions of the Complaint contain confidential and proprietary information obtained from Covetrus' books and records pursuant to a confidentiality agreement, plaintiff filed a motion to seal, requesting that the entire Complaint be docketed under seal. See Motion for Leave to File Complaint Under Seal (Apr. 15, 2021) ("Pl. Motion"), DE #5. In support of plaintiff's motion, nominal defendant Covetrus submitted a redacted version of the Complaint, clarifying that the parties "seek to narrowly redact only those parts of the Complaint that contain non-public and confidential information." Motion for Joinder in Plaintiff's Motion for Leave to File Complaint Under Seal (Apr. 15, 2021) ("Covetrus Resp.") at 1, DE #6; see id., Ex. A, DE #6-1.

      For the reasons that follow, the Court grants plaintiff's motion to seal the Complaint,

insofar as plaintiff seeks to seal only those portions of the Complaint redacted by the parties.

## BACKGROUND

On June 4, 2020, plaintiff made a Stockholder Inspection Demand on Covetrus, pursuant to section 220 of the Delaware General Corporation Code, to inspect the company's books and records. See Declaration of Jamey Seely (Apr. 15, 2021) ("Seely Decl.") ¶ 8, DE #6-2. Covetrus produced documents to plaintiff pursuant to a Confidentiality and Non-Disclosure Agreement dated November 18, 2020, which required the filing of any complaint using confidential information to be under seal. See id. ¶¶ 10-12; Covetrus Resp., Ex. C, DE #6-3. Plaintiff's Complaint quotes directly from and otherwise describes certain of the non-public and confidential documents produced by Covetrus. See Seely Decl. ¶ 13; Pl. Motion ¶ 2.

Although the docket in this case was initially sealed because the Complaint was provisionally filed under seal, this Court ordered the docket unsealed on April 27, 2021, as well as the motion papers underlying the instant motion. See Order to Unseal Case (Apr. 27, 2021). No opposition has been filed to the motion to seal.

## DISCUSSION

"Sealing documents filed with a court implicates [the] common law and [] qualified First Amendment right of access to such documents." Trump v. Deutsche Bank AG, 940 F.3d 146, 150 (2d Cir. 2019). The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public.

> First, the court must determine whether the documents are indeed judicial
> documents, to which the public has a presumptive right of access. Second, if

the documents are judicial documents, the court must determine the weight of
the presumption, that is, whether the presumption is an especially strong one
that can be overcome only by extraordinary circumstances or whether the
presumption is a low one that amounts to little more than a prediction of public
access absent a countervailing reason[,] or whether the presumption is
somewhere in between.   Third, once the weight of the presumption is
determined, a court must balance competing considerations against it.
Countervailing factors include, among others, the danger of impairing judicial
efficiency and the privacy interests of those resisting disclosure.

Saint-Jean v. Emigrant Mortg. Co., 11-CV-2122 (SJ), 2016 WL 11430775, at *3 (E.D.N.Y.

May 24, 2016) (internal quotation marks and citation omitted); see Lugosch v. Pyramid Co. of

Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

The right of public access to a judicial document gives rise to a rebuttable presumption

of public availability; the weight of that presumption of access must be "'governed by the role

of the material at issue in the exercise of Article III judicial power and the resultant value of

such information to those monitoring the federal courts.'"   Mirlis v. Greer, 952 F.3d 51, 59

(2d Cir. 2020) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)).   To

the extent plaintiff argues that a pleading warrants a weaker presumption of public access than

a dispositive motion (Pl. Motion ¶ 4), plaintiff is mistaken.   The Complaint is unquestionably

a judicial document entitled to a strong presumption of public access.   See Bernstein v.

Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140-43 (2d Cir. 2016); Under

Seal v. Under Seal, 273 F.Supp.3d 460, 469-70 (S.D.N.Y. 2017).   Indeed, a party's pleading

is critical to both the public's understanding of a case and the court's exercise of Article III

power.   See Bernstein, 814 F.3d at 140 ("A complaint, which initiates judicial proceedings, is

the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint

is almost always necessary if the public is to understand a court's decision.") (internal

quotation marks and citation omitted).

In support of the motion to seal, Covetrus has submitted a sworn statement from James Seely, its General Counsel, substantiating the parties' claims of confidentiality and competitive harm from disclosure. Mr. Seely specifically describes the competitive harm that would result from disclosure of the confidential agenda, presentations and related materials created for meetings of Covetrus' Board of Directors, Directors Strategy Committee and its Directors Audit Committee. According to Mr. Seely's unrebutted representations, disclosure of such materials would enable competitors to discover the company's confidential business, operational and marketing strategies. See Seely Decl. ¶ 16. Likewise, disclosure of the company's internal analysis of its own competitive standing in the market would give competitors an unfair advantage. See id. ¶ 17. Finally, disclosure of Covetrus' budgeting would provide its competitors with information about which areas it allocates its resources, as well its internal financial projections. See id. ¶ 18.

Having reviewed the proposed redactions, and in the absence of any argument that the redactions are overly broad, the Court finds that the redactions are narrowly tailored to protect against disclosure of confidential and commercially sensitive information that would cause Covetrus competitive harm. Based on the existing record, the Court concludes that the harm to Covetrus from disclosure of the redacted portions of the pleading outweighs the presumption of public access to those portions. See IBM v. Rodrigo Lima, No. 20 Civ. 4573, 2020 WL 6048773, at *1, *3 (S.D.N.Y. Oct. 13, 2020) (sealing hearing transcript that reflected IBM's "financial projections and performance" and "internal analyses and competitive strategies"); In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 14-MD-2542 (VSB), 2014

WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (granting motion to seal internal forecast of future market share); see also *In re* Synacor Derivative Litig., No. 19-cv-2263, DE #19 (S.D.N.Y. Apr. 5, 2019) (granting motion to seal complaint that included confidential information from Section 220 books-and-records production); *In re* Frontier Commc'n Corp. Derivative Litig., No. 3:17-cv-01792, DE #49 (D. Conn. June 18, 2018) (granting motion to seal brief that used confidential information from Section 220 books-and-records production); *In re* The Hain Celestial Group, Inc. Stockholder Class & Derivative Litig., No. 17-cv-2351, DE #49 (E.D.N.Y. Oct. 26, 2017) (allowing redaction of complaint that included confidential information from Section 220 books-and-records production).[1]

## CONCLUSION

For the foregoing reasons, the parties' request to file the Complaint under seal, and to publicly file the Complaint in redacted form, is granted. As previously ordered by District Judge Gary R. Brown, see Order (May 3, 2021), plaintiff is directed to file separately on the public docket the redacted version of the Complaint previously filed as DE #6-1.

**SO ORDERED.**

**Dated:   Brooklyn, New York**
          **May 7, 2021**

                    /s/  *Roanne L. Mann*
                    **ROANNE L. MANN**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] Nevertheless, as the case progresses, and depending upon the motions presented for judicial resolution, the Court may find it necessary to revisit the balancing of the competing interests.