UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACK GARNSEY, derivatively on behalf of COVETRUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN SHAW, CHRISTINE T. KOMOLA, STEVEN PALADINO, BETSY ATKINS, DEBORAH G. ELLINGER, SANDRA L. HELTON, PHILIP A. LASKAWY, MARK J. MANOFF, EDWARD M. MCNAMARA, RAVI SACHDEV, DAVID E. SHAW, BENJAMIN WOLIN, and HENRY SCHEIN, INC.,<br><br>Defendants,<br><br>and<br><br>COVETRUS, INC.,<br><br>Nominal Defendant. | C.A. No. 2:21-cv-00627-GRB-RLM<br><br>**STIPULATION CONSOLIDATING AND STAYING RELATED ACTIONS, APPOINTING CO-LEAD AND LIAISON COUNSEL FOR PLAINTIFFS AND [PROPOSED] ORDER** |
| KRIS STEGMANN, Derivatively on behalf of COVETRUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN WOLIN, PHILIP A. LASKAWY, SANDRA L. HELTON, MARK J. MANOFF, EDWARD M. MCNAMARA, STEVEN PALADINO, RAVI SACHDEV, DEBORAH G. ELLINGER, BENJAMIN SHAW, CHRISTINE T. KOMOLA, DAVID E. SHAW, and BETSY ATKINS,<br><br>Defendants,<br><br>and<br><br>COVETRUS, INC.,<br><br>Nominal Defendant. | C.A. No. 1:21-cv-1717-GRB-RLM |

Plaintiffs Jack Garnsey and Kris Stegmann ("Plaintiffs"), nominal defendant Covetrus, Inc. ("Covetrus"), defendants Benjamin Wolin, Philip A. Laskawy, Sandra L. Helton, Mark J. Manoff, Edward M. McNamara, Steven Paladino, Ravi Sachdev, Deborah G. Ellinger, Benjamin Shaw, Christine T. Komola, David E. Shaw, Betsy Atkins, and Henry Schein, Inc. (the "*Garnsey* Defendants"), defendants Benjamin Wolin, Philip A. Laskawy, Sandra L. Helton, Mark J. Manoff, Edward M. McNamara, Steven Paladino, Ravi Sachdev, Deborah G. Ellinger, Benjamin Shaw, Christine T. Komola, David E. Shaw and Betsy Atkins (the "*Stegmann* Defendants"), and, with Covetrus, collectively, "Defendants"), by and through their undersigned counsel, stipulate as follows::

WHEREAS, Plaintiff Garnsey filed his stockholder derivative action on behalf of Covetrus and against the *Garnsey* Defendants on February 5, 2021 (the "*Garnsey* Action") (21-cv-627, Dkt. No. 1);

WHEREAS, Plaintiff Stegmann filed his stockholder derivative action on behalf of Covetrus and against the *Stegmann* Defendants on March 30, 2021 (the "*Stegmann* Action") (21-cv-1717, Dkt. No. 1);

WHEREAS, Covetrus and the *Stegmann* Defendants, through their undersigned counsel, have agreed to accept service of the complaint filed in the *Stegmann* Action;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that when actions involve "a common question of law or fact," the court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay[;]"

WHEREAS, the *Garnsey* and *Stegmann* Actions (together, the "Derivative Actions") arise out of the same factual circumstances, challenge similar alleged misconduct by certain current and

former directors and executive officers, and involve common questions of law and fact;

WHEREAS, a factually related securities class action, captioned *City of Hollywood Police Officers Retirement System, et al. v. Henry Schein, Inc., et al.*, No. 2:19-cv-05530-GRB-RLM (the "Class Action"), is also pending in this Court;

WHEREAS, on April 7, 2021, the parties to the *Garnsey* Action submitted a stipulation to stay that action pending entry of an order on defendants' motion to dismiss in the Class Action (21-cv-627; Dkt. No. 9), which was granted by the Court the following day (the "Stay Order") (21-cv-627; Dkt. Text Order entered Apr. 8, 2021);

WHEREAS, the Stay Order allows the submission of stipulations regarding consolidation and appointment of a leadership structure for plaintiffs during the stay of the *Garnsey* Action (*see* Stay Order, ¶3);

WHEREAS, in an effort to avoid, to the extent possible, inconsistent rulings and unnecessary duplication of effort, as well as conserve the resources of the parties and the Court, the parties agree that the Derivative Actions should be consolidated for all purposes; and

WHEREAS, the parties further agree that, following consolidation of the Derivative Actions, the consolidated derivative action should be temporarily stayed on the terms set forth below;

NOW, THEREFORE, IT IS THEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties and subject to Court approval, as follows:

**CONSOLIDATION**

1. The following actions are consolidated for all purposes, including pre-trial proceedings and trial (the "Consolidated Derivative Action"):

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Garnsey v. Shaw, et al.* | 2:21-cv-00627-GRB-RLM | Feb. 5, 2021 |
| *Stegmann v. Wolin, et al.* | 1:21-cv-01717-GRB-RLM | Mar. 30, 2021 |

2. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE COVETRUS INC. DERIVATIVE LITIGATION | Lead Case No. 2:21-cv-00627-GRB-RLM<br>(Consolidated with 21-cv-01717-GRB-RLM) |
| This Document Relates To:<br><br>ALL ACTIONS | |

3. The files of the Consolidated Derivative Action shall be maintained in one file under Lead Case No. 2:21-cv-00627-GRB-RLM.

**CO-LEAD COUNSEL AND LIAISON COUNSEL**

4. Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action shall be:

ROBBINS LLP
BRIAN J. ROBBINS
CRAIG W. SMITH
SHANE P. SANDERS
EMILY R. BISHOP
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com
ebishop@robbinsllp.com

- and –

GLANCY PRONGAY & MURRAY LLP
BENJAMIN I. SACHS-MICHAELS
712 Fifth Avenue, 31st Floor
New York, NY 10019
Telephone: (212) 935-7400
Facsimile: (212) 753-3630
bsachsmichaels@glancylaw.com

5. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6. Plaintiffs' Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through plaintiffs' Co-Lead Counsel.

7. Liaison Counsel for Plaintiffs in the Consolidated Derivative Action shall be:

LAW OFFICE OF THOMAS G. AMON
THOMAS G. AMON
420 Lexington Avenue, Suite 1402
New York, NY 10170
Telephone: (212) 810-2430
tamon@amonlaw.com

8. Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Plaintiffs' Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

9. Defendants' counsel may rely upon all agreements made with any of plaintiffs' Co-Lead or Liaison Counsel, or other duly authorized representative of plaintiffs' Co-Lead or Liaison Counsel, and such agreements will be binding on plaintiffs.

**TEMPORARY STAY OF CONSOLIDATED DERIVATIVE ACTION**

10. The Consolidated Derivative Action shall be stayed until forty-five (45) days after a decision finally resolving the motions to dismiss in the Class Action is rendered, at which time the parties will meet and confer and submit to the Court for approval a proposed schedule for further proceedings in the Consolidated Derivative Action.

11. Notwithstanding the voluntary stay of the Consolidated Derivative Action, Plaintiffs may file a consolidated complaint during the pendency of the stay without leave of court, subject to the terms of any agreement into which the parties have entered governing the protection and exchange of confidential information. Defendants shall not be required to move, answer, plead, or otherwise respond to the consolidated complaint or any amended complaint during the pendency of the stay of proceedings.

12. While the Consolidated Derivative Action is stayed, in the event that mediation and/or formal settlement meeting(s) take place in regard to the Class Action or any other factually related shareholder action, Defendants will provide Plaintiffs with reasonable advance notice of such mediation and/or formal settlement meeting(s) and will not object to Plaintiffs' attendance at same. In the event that Plaintiffs are not permitted to participate in any such mediation for any reason, Defendants shall participate in a separate mediation with Plaintiffs at or around the same time. Subject to the entry of an appropriate protective order and the other provisions of this Stipulation, any documents provided to plaintiffs in any related plenary derivative action, any other stockholder derivative litigation, or any books and records inspection demand in connection with a mediation held during the pendency of the stay shall be made available to Plaintiffs in the Consolidated Derivative Action.

13. Defendants shall notify Plaintiffs if any other shareholder derivative proceedings

are initiated, including but not limited to the filing of a summons and complaint purportedly on behalf of Covetrus, or if a shareholder makes a demand for inspection of documents, in either case, based on the same or a similar set of factual allegations as alleged in the Derivative Actions. In the event that any documents are produced in response to any such shareholder proceeding or demand, Defendants shall produce the same documents to Plaintiffs within ten days of such production, provided Plaintiffs have entered into a confidentiality agreement, which will be the same as the confidentiality agreement executed by any shareholder making a demand pursuant to 8 Del. C. § 220, such that Plaintiffs may use such discovery only for the purpose of litigation or settlement of the Consolidated Derivative Action; provided, however, that any complaint filed by Plaintiffs arising out of, relating to, involving, or in connection with the documents from a books and records demand shall be deemed to incorporate by reference the entirety of the books and records of which inspection is permitted.

14. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery.

**RELATED MATTERS**

15. Undersigned counsel for the *Stegmann* Defendants accepts service of the complaint filed in the *Stegmann* Action on behalf of each of those defendants.

16. If a case which properly belongs as part of *In re Covetrus Inc. Derivative Litigation*, Lead Case No. 2:21-cv-00627-GRB-RLM is hereafter or has been filed in, remanded to, or transferred to this Court, counsel for the parties shall call such filing, remand, or transfer to the attention of the clerk of this Court for purposes of moving the Court for an order consolidating such case(s) with *In re Covetrus Inc. Derivative Litigation*, Lead Case No. 2:21-cv-00627-GRB-RLM. Co-Lead Counsel for Plaintiffs will further assist in assuring that counsel for the parties in such subsequent action(s) receive notice of this Order.

17. The Order approving this stipulation shall apply to each case arising out of the same or similar transactions and/or events as the Derivative Actions that are currently pending in, subsequently filed in, remanded to, or transferred to this Court, if such case is deemed by this Court to be related to the Derivative Actions.

18. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), all parties consent to service by email of any document required to be served in the Consolidated Derivative Action.

19. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that a party may have with respect to the claims set forth in the Derivative Actions.

Respectfully submitted,

*/s/ Thomas G. Amon*
Craig W. Smith
Brian J. Robbins
Shane P. Sanders
Emily R. Bishop
**ROBBINS LLP**
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
csmith@robbinsllp.com
brobbins@robbinsllp.com
ssanders@robbinsllp.com
ebishop@robbinsllp.com

Thomas G. Amon
**LAW OFFICES OF THOMAS G. AMON**
420 Lexington Avenue, Suite 1402
New York, NY 10170
Telephone: (212) 810-2430
tamon@amonlaw.com

*Attorneys for Plaintiff Kris Stegmann*

Respectfully submitted,

*/s/ Jordan D. Hershman*
Jordan D. Hershman
Jason D. Frank
Emily E. Renshaw
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Attorneys for Covetrus, Inc., Benjamin Shaw, Christine T. Komola, Steven Paladino, Betsy Atkins, Deborah G. Ellinger, Sandra L. Helton, Philip A. Laskawy, Mark J. Manoff, Edward M. McNamara, Ravi Sachdev, David E. Shaw, and Benjamin Wolin*

*/s/ Benjamin I. Sachs-Michaels*
Benjamin I. Sachs-Michaels
**GLANCY PRONGAY & MURRAY LLP**
712 Fifth Avenue, 31st Floor
New York, NY 10019
Tel: (212) 935-7400
Fax: (212) 753-3630
bsachsmichaels@glancylaw.com

Robert V. Prongay
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
prajesh@glancylaw.com

*Attorneys for Plaintiff Jack Garnsey*

*/s/ Richard A. Rosen*
Richard A. Rosen
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3305
Fax: (212) 492-0305
rrosen@paulweiss.com

*Attorneys for Henry Schein, Inc.*

Dated: ______________, 2021

**IT IS SO ORDERED:**

________________________________
HONORABLE GARY R. BROWN
UNITED STATES DISTRICT JUDGE